# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

SHULTS & ADAMS LLP                                          PLAINTIFF

v.                          No. 4:19-cv-96-DPM

COMMERCIAL TENANT SERVICES, INC.                DEFENDANT

## ORDER

In 2017, a predecessor of Shults & Adams, a Little Rock law firm, agreed to represent Commercial Tenant Services, a New York corporation, in a New York lawsuit about property in New York. Shults & Adams claims Commercial Tenant Services owes it attorney's fees for the work the firm did in that case. Commercial Tenant Services seeks to dismiss the case for *forum non conveniens* or to transfer the case to the Southern District of New York.

As a preliminary matter, the Court only considers Commercial Tenant Services' request to transfer under 28 U.S.C. § 1404(a). *Forum non conveniens* doesn't apply where there is an alternative federal forum. *Bacon v. Liberty Mutual Insurance Co.*, 575 F.3d 781, 783–84 (8th Cir. 2009). And 28 U.S.C. § 1406(a) only applies where venue is improper. Here, an alternative federal forum exists, and venue in this district is proper. Under § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought . . . ." In considering a request to transfer under this statute, the Court must make a case-specific evaluation of various circumstances. *Terra International, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Shults & Adams's choice of venue is entitled to considerable deference. 119 F.3d at 695.

Considerations of convenience don't weigh in favor of transfer. Neither venue is more convenient for both parties: New York is more convenient for Commercial Tenant Services; Arkansas is more convenient for Shults & Adams. Neither venue is more convenient for most potential witnesses. Most of the relevant documents are stored at the law firm's office in Arkansas or accessible electronically from either location. The legal work occurred in both Arkansas and New York. Depositions, hearings, and the trial all took place in New York. Shults & Adams traveled to New York frequently to handle those proceedings. But the firm did much in Arkansas—research, correspondence, drafting, trial preparation—all the office work beneath the depositions and court time. If the proceedings are the flowers, the office work is stalk, leaves, and roots.

Nor does the interest of justice support transfer. Docket congestion in the Southern District of New York weighs slightly against transfer, but this factor alone isn't dispositive. *In re Apple, Inc.*, 602 F.3d 909, 915 (8th Cir. 2010). Arkansas's choice of law rules will apply even if the case is transferred to New York. *Van Dusen v. Barrack*, 376 U.S.

612, 639 (1964). As Commercial Tenant Services emphasizes, New York has an interest in the practice of law in its local courts. But this contract dispute is unlikely to raise complex issues of state law, and this Court can, with counsel's help, apply New York law if necessary.

Shults & Adams chose the Eastern District of Arkansas. All material things considered, including the deference that Shults & Adams's choice is owed, Commercial Tenant Services hasn't shown that a transfer is warranted under § 1404(a). The motion, № 8, is denied.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

22 July 2019